THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **LUTHERAN HOSPITAL,** | ) | CASE NO. _____ |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | JUDGE _____ |
| | ) | |
| **SERVICE EMPLOYEES INTERNATIONAL UNION (LOCAL NO. 1199),** | ) ) ) | |
| | ) | |
| **Defendant.** | ) | |

**COMPLAINT TO VACATE AND REMAND ARBITRATION AWARD**

Plaintiff Lutheran Hospital ("Lutheran" or the "Hospital"), for its Complaint to Vacate and Remand Arbitration Award against Defendant Service Employees International Union (Local No. 1199) ("Defendant" or the "Union"), states as follows:

**VENUE AND JURISDICTION**

1. This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. §185 in that this is an action to vacate and remand an arbitrator's decision issued pursuant to a collective bargaining agreement between Plaintiff and Defendant.

2. Venue is proper in this Court because Defendant's duly authorized officers and agents are engaged in representing and acting for members of the Union in Cleveland, Ohio.

3. Defendant is a labor organization as defined in 29 U.S.C. §185 and is a party to a collective bargaining agreement with Plaintiff.

1

## BACKGROUND FACTS

4. The grievance at issue in this action was filed by the Union on April 27, 2023 (the "Grievance") under a collective bargaining agreement between Plaintiff and the Union that was effective from May 1, 2020 to April 30, 2023 (the "CBA"), which covers certain employees at Lutheran Hospital ("bargaining-unit employees").

5. A copy of the CBA is attached hereto as Exhibit 1. In the "Management Rights" section, Article 1, § 1 (the "Management Rights Clause"), the CBA, states, in pertinent part:

> The management of the Hospital, the control of its premises, and the direction of its working force are vested solely and exclusively with the Hospital….The right to manage includes, but shall not be limited to, the right to… and to establish and enforce reasonable rules of conduct, or safety, of efficiency, and order in its operations and on its premises….The exercise of the Management Rights set forth herein is subject only to such restrictions and regulations governing the exercise of these rights as are <u>expressly specified in this Agreement.</u>

6. Pursuant to the CBA, the Hospital has implemented various rules and regulations, including a Substance Abuse Policy (the "Substance Abuse Policy" or the "Policy").

7. The Hospital implemented the Substance Abuse Policy for bargaining-unit employees in 2016.

8. The Hospital's Substance Abuse policy prohibits employees' on-the-job impairment by drugs or alcohol. The Policy also restricts consumption of illegal drugs, regardless of whether actual impairment is demonstrated. Specifically, the Policy prohibits employees from having "any detectable amount of an illegal drug in [his or her] system," and notes that employees "<u>may be asymptomatic</u> yet result in a positive test." (emphasis added).

9. The Policy also defines "illegal drug" to include "marijuana (regardless of whether it is prescribed medical marijuana or in a product like CBD oil derived from cannabis)."

10. Additionally, the Policy authorizes random testing of as one method for determining whether an employee has used alcohol or drugs prohibited by the Policy, including marijuana ("random testing" or "random test").

11. Separately, aside from random testing, the Policy also authorizes testing of bargaining-unit employees based on reasonable suspicion of on-the-job impairment ("reasonable-suspicion testing" or "reasonable-suspicion test").

12. The Policy does not require evidence or suspicion of actual on-the-job impairment as a condition of administering a random test.

13. The Policy does not require evidence or suspicion of actual on-the-job impairment as a condition of issuing discipline for a positive random test.

14. Since the Policy was enacted, the Hospital has routinely engaged in random testing.

15. Since the Policy was enacted, three other bargaining-unit employees of the Hospital, in addition to Mr. Dobias, have received discipline for failing random tests. The Union did not file grievances challenging the discipline issued to any of these three employees.

16. Prior to filing the instant Grievance, the Union never filed a grievance challenging the Hospital's right to conduct random testing.

17. On April 7, 2023, Mr. Dobias was selected for a random test pursuant to the Substance Abuse Policy. He provided a urine sample as required, and the test results came back positive for tetrahydrocannabinol (THC) metabolite.

18. A positive test for THC metabolite indicates that THC, a psychoactive compound in cannabis, was present in the body.

19. The Hospital did not terminate Mr. Dobias's employment. Rather, Mr. Dobias was referred to a third-party provider for substance abuse treatment, which he completed, and then he

returned to work. Mr. Dobias also received written discipline for violating the Substance Abuse Policy (the "Substance Abuse Discipline").

20. The Hospital issued the Substance Abuse Discipline to Mr. Dobias because the Hospital concluded, based on his positive random test, and as corroborated by Mr. Dobias's own admissions, that he had ingested marijuana, a prohibited drug, in violation of the Substance Abuse Policy.

## THE GRIEVANCE AND ARBITRATION AWARD

21. On April 27, 2023, the Union filed the Grievance on Mr. Dobias's behalf which claimed that the Hospital unjustly administered Mr. Dobias a random test and disciplined him without just cause.

22. An arbitration hearing was held on October 25, 2023 before Arbitrator Joseph Gardner.

23. At the hearing, the Hospital introduced Mr. Dobias's positive random test result into evidence.

24. At the hearing, the Union did not present any testimony from Mr. Dobias despite his being in attendance.

25. At the hearing, the Union did not present testimony from any other witnesses.

26. At the hearing, the Union did not introduce any exhibits, except for joint exhibits.

27. At the hearing, no witness testified that Mr. Dobias had *not* used marijuana as the positive random test had indicated.

28. The Union did not present any evidence or testimony, at the hearing or in its post-hearing brief, that Mr. Dobias had *not* used marijuana as the positive random test had indicated.

4

29. On December 11, 2023, Arbitrator Gardner issued a written award sustaining the grievance (the "Award").

30. The Award concludes that the Substance Abuse Discipline was improperly issued because Mr. Dobias did not exhibit on-the-job impairment.

31. The Award reaches this conclusion despite the fact that the Substance Abuse Policy does not require on-the-job-impairment as a condition of discipline, as this was a random test, not a reasonable-suspicion test.

32. To support its conclusion that the Hospital was prohibited from issuing the Substance Abuse Discipline, in June 2023, the Award relies, at least in part, on Ohio's adult-use marijuana ballot initiative, which passed several months later in November 2023. Specifically, the Award states:

> After the arbitration hearing on October 25, 2023, but before the submission of briefs on the 22nd day in November, 2023, 'Judicial Notice' tells us that the citizens of Ohio voted to legalize possession of marijuana, on November 7, 2023 (Voting Day).
>
> Ohio voters now allow people over 21 to possess and use Marijuana for recreational consumption.
>
> Unless the Ohio Legislature and/or the Governor of Ohio take action against the voters of Ohio, marijuana is no longer an illegal drug under Ohio law. The people of Ohio have sent a clear message that use of Marijuana is legal.

33. The Award concludes that the Hospital did not have just cause to discipline Mr. Dobias for using marijuana.

34. The Award directs the Hospital to rescind the Substance Abuse Discipline and to otherwise make Mr. Dobias whole for the purportedly improper discipline he received as the result of his marijuana use.

## COUNT ONE:
## THE AWARD SHOULD BE VACATED BECAUSE
## IT VIOLATES PUBLIC POLICY

35. Plaintiff incorporates paragraphs 1 through 35 of this Complaint as if fully rewritten.

36. An arbitration award violates public policy if, *inter alia,* it conflicts with the public policy embedded in state or federal "laws and legal principles." *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29 (1987).

37. On November 7, 2023, Ohio voters approved a ballot initiative regarding "adult use" marijuana. This law, codified in Ohio Revised Code Chapter 3780, decriminalizes an individual's possession and use in certain quantities of marijuana for non-medical ("adult use") purposes and is not retroactive (the "Adult Use Law" or the "Law").

38. The Adult Use Law contains a section titled "Rights of employer." Ohio Rev. Code § 3780.35(A) (the "Rights of Employer Section").

39. The Rights of Employer Section provides, *inter alia*, that the Adult Use Law does not "prohibit[] an employer from …. [d]ischarging [or] disciplining, ….an individual…because of that individual's use [or] possession, …. of cannabis otherwise in compliance with [the Adult Use Law]." Ohio Rev. Code § 3780.35(A)(2).

40. The Rights of Employer Section further states that the Adult Use Law does not "prohibit[] an employer from establishing and enforcing a drug testing policy, drug-free workplace policy, or zero-tolerance drug policy… ." Ohio Rev. Code § 3780.35(A)(3).

41. The Rights of Employer Section further states that the Adult Use Law does not "prohibit[] an employer from establishing and enforcing a drug testing policy, drug-free workplace policy, or zero-tolerance drug policy… ." Ohio Rev. Code § 3780.35(A)(3).

6

42. Also, the Rights of Employer Section prohibits any individual from "commenc[ing] a cause of action against an employer for refusing to hire, discharging, disciplining, discriminating, retaliating, or otherwise taking an adverse employment action against an individual with respect to hire, tenure, terms, conditions, or privileges of employment related to the individual's use of cannabis… ." Ohio Rev. Code § 3780.35(A)(5).

43. Contrary to the Employer Rights Section, the Award relies on the Adult Use Law to prohibit the Hospital from disciplining Mr. Dobias for cannabis use made lawful by the Adult Use Law.

44. Contrary to the Employer Rights Section, the Award relies on the Adult Use Law to prohibit the Hospital from enforcing a policy against cannabis use made lawful by the Adult Use Law.

45. The Adult Use Law became effective on December 7, 2023.

46. The provisions of the Adult Use Law that the Award relies upon were not in effect at the time that the Substance Abuse Discipline was issued.

47. The Arbitration Award violates public policy because it directly conflicts with the laws and legal principles embedded in Ohio law.

## COUNT TWO:
## THE AWARD SHOULD BE VACATED BECAUSE
## IT DOES NOT ARGUABLY CONSTRUE OR APPLY THE CBA

48. Plaintiff incorporates paragraphs 1 through 48 of this Complaint as if fully rewritten.

49. Article 7 of the CBA specifically limits the power of the arbitrator as follows: The Arbitrator "shall have no authority to add to or subtract from, amend or modify, in any way, any of the terms or conditions or provisions of this Agreement."

7

50. The CBA does not prohibit the Hospital from conducting random testing for marijuana.

51. The CBA does not prohibit the Hospital from disciplining employees who test positive for marijuana, regardless of whether employees are demonstrably impaired by marijuana on the job.

52. The CBA does not prohibit the Hospital from establishing and enforcing the Substance Abuse Policy.

53. The Hospital's establishment of the Substance Abuse Policy, including the provisions for random testing for marijuana and the restrictions on marijuana use, was consistent with its rights under the CBA, including but not limited to the Management Rights Clause.

54. The Substance Abuse Discipline is consistent with the terms of the Substance Abuse Policy and with the terms of the CBA, including but not limited to the Management Rights Clause.

55. The Award conflicts with the express terms of the CBA.

56. The Award imposes additional requirements not expressly provided for in the CBA.

57. The Award is without rational support or cannot be rationally derived from the Agreement.

58. The Arbitrator fails to arguably construe the CBA when issuing the Award.

59. The Award dispenses the arbitrator's own brand of industrial justice and does not draw its essence from the CBA.

60. The Award should be vacated.

**WHEREFORE**, Plaintiff prays the Court for relief as follows:

A.  that the award of Arbitrator Joseph Gardner in FMCS Case No. #230801-08098 be vacated; and

B.  that Plaintiff be awarded such other and further relief as the Court deems just and proper.

Respectfully Submitted,

/s/ *Ryan T Smith*
Ryan T. Smith (0088380)
**FRANTZ WARD LLP**
200 Public Square, Suite 3000
Cleveland, Ohio 44114-1230
Telephone: 216.515.1660
Fax: 216.515.1650
rsmith@frantzward.com

Counsel for Plaintiff
 Lutheran Hospital

## CERTIFICATE OF SERVICE

I certify that the foregoing was filed electronically on February 2, 2024 and will be distributed to all parties of record via the Court's electronic filing system.

/s/ *Ryan T Smith*
Ryan T. Smith (0088380)